FILED

2020 Jan-21  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BARNETT,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **V.** | ) | |
| | ) | |
| **JACK'S FAMILY RESTAURANTS, LP,** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

### I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331,1343, 2201 and 2202.  This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq.*, as amended by the Civil Rights Act of 1991,  42 U.S.C. Section 1981a, which provides relief against sex discrimination and sexual harassment. Through supplemental jurisdiction, this Court's jurisdiction extends over the related state law claims of invasion of privacy, assault and battery, and negligent and/or wanton training, supervision, and/or retention and outrage because all such claims arise from a "common nucleus of operative

1

fact."

2.    Venue is proper in the Northern District of Alabama Southern Division under 28 U.S.C. §1391(b), and pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed his lawsuit within 90 days of the receipt of his Notice of Right-To-Sue from the EEOC.

## II.    PARTIES

4.    Plaintiff, Michael Barnett, is an African American male citizen of the United States, a resident of the State of Alabama and is over nineteen (19) years of age.

5.    Defendant, Jack's Family Restaurants, LP, (hereinafter "Defendant" OR "Jack's" ) is an entity subject to suit under Title VII and employs at least fifteen (15) persons, and its corporate office is in Birmingham, Alabama.

## III.   FACTUAL ALLEGATIONS

6.    Plaintiff began working for Jack's on or about October 20, 2017 as an Assistant Manager Trainee.  He completed his training on December 5, 2017 and was promoted to Assistant Manager.

7.    Defendant assigned Plaintiff to work at Jack's #269 in Montgomery, Alabama, where Plaintiff reported to the General Manager at that location, Montina Mixon, who in turn reported to the Area Manager, David Denmark.

8.    An African American female employee named Yolanda Thomas subjected Plaintiff to severe and pervasive sexual harassment through lewd sexual comments and touching of private parts of Plaintiff's body.  On a constant basis Thomas stated to Plaintiff "you got a big dick," "do you take Viagra before you come to work," "bet you fuck the shit out of your wife," and other graphic sexual comments to him.  Thomas also stuck her finger in Plaintiff's buttocks.

9.    Plaintiff told Thomas on numerous occasions to stop making sexual comments and to not touch him.

10.   When it became clear Thomas was not going to stop her sexually harassing behavior, Plaintiff reported this sexual harassment to his supervisor, General Manager Mixon, but Mixon took no action to stop the sexual harassment and it continued.

11.   General Manager Mixon's failure to take any steps to stop the sexual harassment led Plaintiff to take his sexual harassment complaint to Mixon's supervisor, Area Supervisor David Denmark.

12.   Plaintiff contacted Denmark and told him how Thomas was sexually harassing

him, and he needed to come to the store immediately.

13. When Denmark arrived at the restaurant he saw how upset Plaintiff was and sent him home.

14. A week later Denmark terminated Plaintiff for a non-legitimate reason.

15. Plaintiff then went to the Corporate Office in Homewood, Alabama and met with Human Resources Manager Myron Lyons.

16. Plaintiff provided Lyons with a written statement along with additional evidence supporting his claim of being sexually harassed.

17. HR Mgr. Lyons told Plaintiff he would get some money and asked Plaintiff if he wanted his job back.

18. Plaintiff agreed to return to work and Defendant transferred him to the Dadeville, Alabama store as the Assistant Manager.

19. Plaintiff stayed in Dadeville for around two weeks and then Area Supervisor Barry Bowerman transferred Plaintiff to the LaFayette store as the Assistant Manager.

20. When Plaintiff arrived at the LaFayette store he was sexually harassed by the other Assistant Manager, Teasha Alveris.  Alveris groped Plaintiff's private parts, and the other women joined Alveris in the sexual harassment of Plaintiff.

21. A male employee, who was interested in one of the female employees who was

making sexual harassment about Plaintiff confronted Plaintiff, called him "sissy bitch" and made other inappropriate comments to Plaintiff. To avoid an altercation, Plaintiff clocked out and went home.

22. Plaintiff called Area Supervisor Bowerman, and Bowerman gave Plaintiff the option of being terminated or resigning his employment.

23. Plaintiff then contacted Todd Bartmess, the CEO of Defendant, and left him a message about his treatment.

24. The Vice President of Human Resources, Ms. Pang, called Plaintiff on October 30, 2018, and asked Plaintiff if he wanted his job back and told him he would be paid lost wages.

25. HR Mgr. Pang asked Plaintiff to give him a monetary figure of what he wanted for his pain and suffering, and when Plaintiff responded Pang said she would get back to him.

26. Pang never got back to Plaintiff and his employment with Defendant was terminated by Defendant.

27. Defendant ratified and/or condoned the sexually harrassing comments and conduct of its employees by failing to take appropriate action and allowing the sexual harassment to continue.

28. Defendant is directly and indirectly liable for the conduct of its employees that

amounted to the sexual harassment suffered by Plaintiff.

29.    The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's work because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do his job.

30.    Defendant, by and through its agents, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

31.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated, compensatory and punitive damages is his only means of securing adequate relief.

32.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    CAUSES OF ACTION

### A.    COUNT I - SEXUAL HARASSMENT UNDER TITLE VII

33.    Plaintiff re-alleges and incorporate by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

34.    Defendant subjected Plaintiff to a sexually hostile work environment that was

sufficiently severe or pervasive to alter the terms and conditions of his employment.

35.   The hostile work environment was objectively and subjectively hostile and abusive because a reasonable person would find the work environment endured by Plaintiff hostile and abusive, Plaintiff perceived the environment to be hostile and abusive and the harassment negatively impacted Plaintiff's employment by making it more difficult to do his job.

36.   Plaintiff subjectively perceived the sexually harassing treatment he endured to be hostile and abusive, and such conduct actually negatively impacted the conditions of his employment.

37.   Defendant failed to guard against the misconduct of its employees, failed to train its managers and employees, failed to monitor their performance and conduct and failed to take adequate remedial action.

38.   Defendant had no effective sexual harassment policies and no effective procedures for handling complaints of sexual harassment.

39.   Defendant was made aware of this hostile and abusive environment, and continuously refused to take appropriate remedial action.

40.   Defendant ratified and/or condoned such hostile and abusive behavior by failing to take appropriate action and by terminating Plaintiff's employment.

41.    Defendant is directly and vicariously liable for the conduct of its managerial employee that amounted to the sexual harassment suffered by Plaintiff.

42.    The sexually harassing conduct towards Plaintiff, and Defendant's ratification of such conduct, adversely affected Plaintiff's job because the conduct unreasonably interfered with Plaintiff's employment to such an extent that it made it more difficult for Plaintiff to do his job and cumulated with his employment ending.

43.    Defendant, by and through its agent, engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights.

44.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

45.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## B.    COUNT II – SEX DISCRIMINATION UNDER TITLE VII

46.    Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

8

47.    During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by taking adverse employment actions up to and including terminating his employment. However, showing disparate treatment, Defendant did not discipline or terminate the females who sexually harassed him.

48.    Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating Plaintiff's employment, Plaintiff's male gender was at least a motivating factor in the adverse employment actions Defendant took against him.

49.    Said sexual discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

50.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

51.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

C.    **COUNT III – RETALIATION IN VIOLATION OF TITLE VII**

52.    Plaintiff engaged in protected activity when he reported sexual harassment in the workplace.

9

53. After Plaintiff reported sexual harassment, instead of remedying the harassment Defendant retaliated against Plaintiff by taking materially adverse employment actions up to and including terminating his employment.

54. But for Plaintiff's engagement in protected activity, Defendant would not have taken these materially adverse employment actions against him

55. Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

56. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

57. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### D.    COUNT IV – INVASION OF PRIVACY

58. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

59. Defendant, through the acts of its agents, invaded the privacy of Plaintiff, by, among other things, intruding into Plaintiff's private seclusion by making sexual comments and inquiries, by touching and groping private parts of his

body, and other acts as set forth above.

60.   Defendant authorized, ratified and/or condoned its agents' actions which amounted to an invasion of Plaintiff's privacy.

61.   Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## E.   COUNT V – ASSAULT AND BATTERY

62.   Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

63.   Plaintiff was subjected to unwanted touchings of a sexual nature.

64.   Defendant ratified and/or condoned its agents' actions which amounted to assault and battery of Plaintiff.

65.   Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## F.   COUNT VI - NEGLIGENT AND/OR WANTON HIRING, SUPERVISION, TRAINING, AND/OR RETENTION.

66.   Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

67.   This is a claim arising under the law of the State of Alabama to redress the negligent and/or wanton, hiring, supervision, training, and retention of the supervisor who committed the sexually harassing acts against the Plaintiff,

11

including unwanted touchings, invasion of privacy, and assault and battery in violation of the common law of the State of Alabama.

68. Defendant negligently and/or wantonly failed to adequately hire, supervise, train, and/or negligently retained, its agents or employees which proximately caused the sexually harassing acts against the Plaintiff, including the above-described unwanted touchings, invasion of privacy, and assault and battery in violation of the common law of the State of Alabama Plaintiff.

### G.   COUNT VII – OUTRAGE

69. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

70. Defendant, by and through its agents and through its own indifference to sexual harassment, outrageously and intentionally inflicted emotional distress upon plaintiff by subjecting him to abusive and harmful sexual misconduct which was ratified and condoned by Defendant.

71. Defendant and its agents caused Plaintiff severe emotional distress by such sexual misconduct, beyond what any employee should be expected to endure. Plaintiff's emotional distress was the foreseeable result of Defendant's actions and inactions as set forth above.

72. The conduct described above was extreme, outrageous and beyond the

boundaries of decency in a civilized society and caused Plaintiff to suffer severe emotional distress.

73.    Defendant engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's rights.

## V.    DAMAGES

74.    Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

75.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of Defendant's unlawful conduct.

76.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff

13

as secured by Title VII.

2.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3.    Enter an Order requiring Defendant and to make Plaintiff whole by reinstating his into the position he would occupy in the absence of sex harassment, race and gender discrimination and retaliation, and/or frontpay and backpay (plus interest), order Defendant to award Plaintiff compensatory, punitive, liquidated and/or nominal damages.

4.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses and post judgment interest.

**Plaintiff Demands a Trial by Struck Jury on All Issues Triable by a Jury.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**Defendant's Address:**
JACK'S FAMILY RESTAURANTS, LP.
c/o CORPORATION SERVICE COMPANY
641 S LAWRENCE ST
MONTGOMERY, AL 36104