FILED
2020 Aug-14 PM 01:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BARNETT, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:20-cv-00103-LSC |
| JACK'S FAMILY RESTAURANTS, LP, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Michael Barnett ("Plaintiff") brought this sexual harassment and sex discrimination action against Defendant Jack's Family Restaurants, LP ("Defendant") in the United States District Court in the Northern District of Alabama. Before the Court is Defendant's motion to transfer the case to the United States District Court for the Middle District of Alabama. (Doc. 6.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Defendant's motion is due to be denied.

## I. BACKGROUND

Plaintiff is a male who began working for Defendant as an Assistant Manager in 2017. Defendant assigned Plaintiff to work at one of its restaurants in

Montgomery, Alabama. While working in this location, Plaintiff allegedly experienced severe sexual harassment and discrimination from a female employee. Plaintiff complained of the harassment, and Defendant's Area Supervisor visited the restaurant and sent Plaintiff home. A week later, Defendant terminated Plaintiff's employment.

Following his initial termination, Plaintiff visited Defendant's main office in Homewood, Alabama, and met with Defendant's Human Resources Manager ("HR Manager"). After Plaintiff provided a written statement along with additional evidence supporting his claim of being sexually harassed, the HR Manager offered to reinstate Plaintiff's employment. Plaintiff agreed, and Defendant transferred him to work at one of its restaurants in Dadeville, Alabama as an Assistant Manager. Two weeks later, for reasons not given in the complaint, Defendant again transferred Plaintiff, this time to one of its restaurants in LaFayette, Alabama.

While working at the LaFayette restaurant, Plaintiff alleges that he endured additional sexual harassment by a different female Assistant Manager, as well as sexually demeaning taunts from a male employee. Plaintiff raised further concerns with the Area Supervisor and even to Defendant's CEO, but Defendant failed to address the treatment that Plaintiff received.

On January 21, 2020, Plaintiff brought an action in the United States District Court for the Northern District of Alabama, Southern Division, alleging that he suffered numerous injuries because Defendant "fail[ed] to take appropriate action and allow[ed] the sexual harassment to continue." (Doc. 1 at ¶ 27.) On February 14, 2020, Defendant filed the instant motion, seeking the transfer of this action to the Middle District. (Doc. 6.)

## II. Discussion

The circumstances in which a court may transfer a case to a different venue are detailed in 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The decision to grant a transfer of district or division is at the "broad discretion" of the trial court. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). However, "[t]he federal courts traditionally have accorded a plaintiff's choice of forum considerable deference." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). That choice should not be disturbed unless it is "clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)). Therefore, a party seeking a transfer of venue

typically bears the burden of showing that a transfer to the suggested forum is more convenient or is in the interest of justice. *Ricoh Corp.*, 870 F.2d at 573.

In deciding whether to grant a motion to transfer, the Court employs a two-step analysis. *See C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (persuasive authority). The Court first analyzes whether the action could have been brought in the proposed transferee district or division. *Id.*; *see also* 28 U.S.C. § 1404(a) (explaining that the court may transfer an action "to any other district or division where it might have been brought"). Next, the Court considers whether the convenience of the parties and the interests of justice would be furthered by the action's transfer. *C.M.B. Foods, Inc.*, 396 F. Supp. 2d at 1286; *see also* 28 U.S.C. § 1404(a). As part of its determination, the court should consider and weigh the following factors:

> (1) The convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

With respect to the first step in the analysis, the Court finds that Plaintiff could have brought this action in the Middle District. "A civil action may be brought

in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .” 28 U.S.C. § 1391(b)(2). Furthermore, a Title VII action “may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed.” 42 U.S.C. § 2000e-5(f)(3). Here, Plaintiff has alleged that the sexual harassment he endured occurred at Defendant’s Montgomery and LaFayette locations, which are indisputably in Alabama and specifically in the Middle District itself. Therefore, Plaintiff could have brought this action in the Middle District had he so desired.

The Court must now determine whether other considerations clearly outweigh Plaintiff’s choice of forum such that the convenience of the parties and the interests of justice would be furthered by transferring this action to the Middle District. *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100–01 (11th Cir. 2004) (“[U]nless the balance is strongly in favor of the defendants, the plaintiffs’ choice of forum should rarely be disturbed.” (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). For the reasons stated below, the Court finds that Defendant has failed to meet its burden of showing that transfer to the Middle District is warranted.

With respect to the convenience of the witnesses, the Court finds that this factor does not weigh heavily in favor of transfer. Defendant argues that, since the alleged sexual harassment occurred within the Middle District, it would be "patently unfair and unduly inconvenient to require that [witnesses with firsthand knowledge of the harassment] travel to a courthouse that is 97 miles from the location *where the events allegedly occurred* when the Middle District courthouses are significantly closer to the locations *where the events allegedly occurred.*" (Doc. 6 at 6.)[1] Defendant has also presented evidence that at least two potential witnesses reside more than one hundred miles from the federal courthouse in Birmingham, Alabama. (*See* doc. 6 – Ex. A.) However, Plaintiff has offered to mitigate any inconvenience to these witnesses by conducting depositions at agreed-upon locations closer to their places of residence. Furthermore, given that Plaintiff raised complaints directly with individuals at Defendant's main office in Homewood, Alabama, at least a few witnesses with personal knowledge of Plaintiff's complaints likely reside within the Northern District. Accounting for both the greater distances as well as the mitigating

[1] Defendant's motion to transfer includes a table calculating the distances from each relevant restaurant location to the federal courthouses in Montgomery, Alabama (Middle District, Northern Division), Opelika, Alabama (Middle District, Eastern Division), and Birmingham, Alabama (Northern District, Southern Division). (Doc. 6 at 5.) According to this table, the distance between Defendant's Montgomery restaurant and the federal courthouse in Montgomery is nine miles, while the distance between the same restaurant and the federal courthouse in Birmingham is ninety-seven miles. The table shows smaller disparities when comparing the distances for the Dadeville restaurant and the LaFayette restaurant. For the purposes of deciding this motion, the Court assumes the table values to be accurate.

circumstances, the Court finds that the convenience-to-witnesses factor provides only a slight weight toward transfer.

With respect to the location of relevant documents and the relative ease of access to sources of proof, the Court finds that this factor is neutral. The parties have made no argument regarding the location of documents. Given that Defendant's main office sits in the Northern District, it is likely that records of Plaintiff's complaints are kept there. However, because the harassment itself occurred in various locations in the Middle District, it is also likely that some evidence is more easily available there. Therefore, this factor is a wash.

Next, the Court finds that the convenience of the parties weighs against transfer in this action. Plaintiff's complaint does not list his place of residence, though Defendant has presented evidence suggesting that Plaintiff resides in the Middle District. (Doc. 6 – Ex. A.) However, since Plaintiff had discretion in which district to pursue this litigation, any argument relating to his or his attorney's inconvenience is unavailing. Furthermore, Defendant's main office is located within the Northern District, and Defendant has not shown how it would be inconvenient for it to litigate this matter what is essentially its home district. Accordingly, this factor weighs against transfer.

The Court also finds that the locus of operative facts does not weigh in favor of transfer in this case. The Court is persuaded by those district courts that have found this factor to be neutral where there is "no single locus of the operative facts." *See Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1166 (S.D. Fla. 2017) (quoting *Bell v. Rosen*, No. CV214-127, 2015 WL 5595806, at *11 (S.D. Ga. Sept. 22, 2015)). "In determining the locus of operative facts, the court must look at 'the site of [the] events from which the claim arises.'" *Nat'l Trust Ins. Co. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1245 (M.D. Fla. 2016) (quoting *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218, 220 (D. Conn. 2003)). To be sure, the alleged sexual harassment and some of Plaintiff's complaints regarding the same occurred in the Middle District. However, Defendant's main office, where Plaintiff made several complaints that also ground his Title VII and state-law claims, is located in the Northern District. As a result, no single locus of operative facts exists, and this factor is also neutral.

On the other hand, the Court's inability to compel all witnesses to attend trial in the Northern District weighs slightly in favor of transfer. Under the Federal Rules of Civil Procedure, a trial court may compel attendance at trial of any witness who resides or is employed within one hundred miles of the trial location. FED. R. CIV. P. 45(c)(1)(A). Briefing by the parties suggests that most known witnesses either live

within one hundred miles from Birmingham or otherwise remain employed by Defendant. Thus, it does not appear that the Court will have any issues ensuring the participation of most witnesses at trial. However, Defendant has presented evidence showing that at least two witnesses reside more than one hundred miles from where the trial would be held in the Northern District. (Doc. 6 – Ex. A.) One of those two witnesses has also left Defendant's employ, and thus the Court lacks any means to ensure that witness's participation at trial. As a result, this factor weighs slightly in favor of transfer.

With respect to the relative means of the parties, neither Plaintiff nor Defendant make any argument. However, the Court recognizes that Defendant is a company that owns and operates numerous restaurants, where Plaintiff is an individual who worked at a handful of Defendant's restaurants as an Assistant Manager. Furthermore, given that Plaintiff chose to file this action in the Northern District, rather than the Middle District, the Court infers that he would face a greater burden litigating in the latter as opposed to litigating in the former. As such, this factor does not weigh in favor of transfer and is, at best, a wash.

The forum's familiarity with the governing law does not carry weight in the Court's analysis, as the law to be applied in this case will be identical in either the Northern or Middle Districts. As a result, this factor is neutral.

The Eleventh Circuit has directed that the plaintiff's choice of forum should govern in the absence of significant contrary considerations. *See Robinson*, 74 F.3d at 260. For the reasons stated above, only the convenience of the parties and the Court's ability to compel the attendance of witnesses weigh in favor of transfer, and even then, they do not weigh heavily in favor of it. In the absence of factors weighing heavily in favor of transfer, the totality of the circumstances does not demonstrate that the interests of justice are better served by a transfer of this case from the Northern District to the Middle District.

## III. CONCLUSION

Considering the relevant factors, the Court concludes that no factor or combination of factors weighs so heavily in favor of transfer as to "clearly outweigh" the deference appropriately afforded to Plaintiff's choice of forum. For the foregoing reasons, Defendant's motion to transfer this case to the United States District Court for the Middle District of Alabama is DENIED.

Although the Court now denies Defendant's motion, after this action proceeds through discovery and dispositive motions have been heard and decided, the Court may entertain another such motion to transfer venue, if properly filed, prior to trial.

**DONE** and **ORDERED** on August 14, 2020.

L. Scott Coogler
United States District Judge

199455